Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>BETTER RISE CAPITAL LLC, a California company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff David Charles ("Plaintiff Charles" or "Charles") brings this Class Action Complaint and Demand for Jury Trial against Defendant Better Rise Capital LLC, ("Defendant Better Rise Capital" or "Better Rise Capital") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing calls using a pre-recorded voice message to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by

Defendant's conduct. Plaintiff Charles, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Charles is a resident of Austin, Texas.

2. Defendant Better Rise Capital is a limited liability company registered in California, with its headquarters located in Irvine, California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is headquartered in this District, and the wrongful conduct giving rise to this case was directed by Defendant from this District to the Plaintiff.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term, “Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people’s representatives in Congress have been fighting back.” *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service “YouMail,” 4.2 billion robocalls were placed in April 2026 alone, at a rate of 140.2 million per day. www.robocallindex.com (last visited June 2, 2026).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Better Rise Capital provides financing solutions businesses throughout the US.[3]

15. Better Rise Capital generates business by placing unsolicited calls to consumers and businesses using a pre-recorded voice message.

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/better-rise-capital/about/

16. Since September of 2025, Better Rise Capital has been involved in 5 lawsuits alleging violations of the TCPA.[4]

17. Despite the lawsuits, Better Rise Capital continues to place unsolicited pre-recorded calls to consumers like Plaintiff Charles.

18. Consumers and businesses have posted many complaints online about unsolicited pre-recorded calls that they received from Better Rise Capital, including:


Robert M

Date: 05/28/2026

Receiving 2-3x daily spam calls leaving voicemails about "approved business funding". They don't bother to respect the [redacted] list nor do they remove you when asked. And they always use a bunch of indians in an offshore call center to "pre-screen" you for approval. This means there IS no approval, they're just spam calling any number they can get ahold of.Don't do business with people like this. File complaints with the [redacted] and the [redacted].

[5]


Mark H

Date: 04/02/2026

Do you receive AI spam calls to your phone offering a business line of credit? This is the company responsible! In the past 6 months I have probably received over [redacted] + of these calls and I have finally figured out this is the company responsible. If I had to guess, this one company is responsible for millions of spam phone calls. You should be ashamed of yourselves to be doing marketing this way.

[6]

---

[4] https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=70f6a4a19ef141d58f7bd11c13110d08 – Search conducted June 2, 2026

[5] https://www.bbb.org/us/ca/irvine/profile/business-loans/better-rise-capital-1126-1000155529/customer-reviews

[6] Id.

**David R**

**Date:** 03/30/2026

★☆☆☆☆

These people have been calling me twice a day for almost three months now. When you ask to get taken off the list, which they legally have to do, they just hang up. Reporting them to the [redacted] and the [redacted].[7]

**Tom F**

**Date:** 03/03/2026

★☆☆☆☆

Spam calls every single day! Or theyre hiring companies to do it.[8]

**Initial Complaint**

**Date:** 05/11/2026

**Type:** Orde

**Status:** Ar

This company calls me every single day for the last 3 months or longer.. I have never done business with them and dont wish to do business with them, but when I call and ask them not to call me anymore they simply hang up and the calls continue!! Every day! Can you imagine someone calling you every single day without missing a day for months? Its ridicules and harassment !! No company in the [redacted] should be allowed to harass people like this company please help

**Business Response**

**Date:** 05/13/2026

Thank you for bringing this to our attention and for confirming your information. We sincerely apologize for the inconvenience youve experienced.

We have confirmed that your number has been added to our Do Not Contact list, and you should no longer receive any further communications from us. We are reviewing this matter internally to ensure it does not happen again.

-Better Rise Capital Support[9]

---

[7] Id.

[8] Id.

[9] https://www.bbb.org/us/ca/irvine/profile/business-loans/better-rise-capital-1126-1000155529/complaints

**Initial Complaint** Type: Produ

Date: 04/01/2026 Status: Una

I have received daily robocalls from this business for the past month. Even though I called the number provided [redacted]) and insisted that they stop calling me, the calls continue every day. After several calls, I was finally able to get them to tell me the name of the company (they refused to identify the business in the first several calls). Upon playing into their game, I find that they are doing business under 2 different names, which are Rize Funding, [redacted], [redacted], and Better Rise Capital, [redacted], [redacted]. All I want is for them to stop contacting me. These are clearly unscrupulous people. [10]

19. In response to these calls, Plaintiff Charles brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF CHARLES'S ALLEGATIONS

20. Plaintiff Charles is the subscriber and sole user of the cell phone number ending with 5766.

21. On May 22, 2026 at 1:08 PM CDT, Plaintiff Charles received an unsolicited call to his cell phone from 270-337-8021.

22. When Plaintiff Charles answered this call, a pre-recorded message played stating, "You have been preapproved for a business credit line in the amount of $198,000. Press one…"

23. Plaintiff Charles pressed '1' to find out which company was calling his cell phone number.

[10] Id.

24. Plaintiff Charles was transferred to a live agent named Ashley who said that she is with the "business loan division."

25. Plaintiff Charles asked Ashley to identify the name of the company she works for, but she refused the request.

26. Ashley asked some qualifying questions and then transferred Plaintiff Charles to an employee who said his name is Chris Sotto.

27. Sotto claimed that he is with BRC Capital.

28. In order to confirm who BRC Capital is, Plaintiff provided his email address to Sotto.

29. On May 22, 2026 at 1:18 PM CDT, Plaintiff Charles received an email identifying the company name Better Rise Capital:




30. Plaintiff Charles was not looking to get business funding or a business credit line.

31. Plaintiff Charles never provided his cell phone number to Better Rise Capital or any of its affiliated companies.

32. Plaintiff Charles could tell that the call began with a pre-recorded voice message because the message was easily identifiable as being pre-recorded. The voice sounded robotic, the intonation was unnatural, and the message asked Plaintiff to press ‘1’ to speak to a live agent.

33. The unauthorized solicitation telephone call that Plaintiff Charles received from the Defendant has harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

34. Seeking redress for these injuries, Plaintiff Charles, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff Charles brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or prerecorded voice.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated

and/or released. Plaintiff Charles anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant made calls using an artificial or prerecorded voice to consumer cellular telephone numbers

(b) whether Defendant made the calls without consent;

(c) whether the calls constitute a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff Charles will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Charles has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff

Charles and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Charles nor his counsel have any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Charles. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Charles and the Pre-recorded No Consent Class)**

41. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

42. The Defendant transmitted unwanted solicitation telephone calls to Plaintiff Charles and the other members of the Pre-recorded No Consent Class using an artificial or prerecorded voice.

43. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Charles and the other members of the Pre-recorded No Consent Class.

44. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Charles and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Charles requests a jury trial.

Respectfully Submitted,

**DAVID CHARLES**, individually and on behalf of all others similarly situated,

DATED this 15th day of June, 2026.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*