Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant BETTER RISE CAPITAL, LLC.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DAVID CHARLES

Plaintiff,

v.

BETTER RISE CAPITAL, LLC.

Defendants.

Case No.: **8:26-cv-01525-JWH-MBK**

**DEFENDANT BETTER RISE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL**

Defendant Better Rise Capital, LLC ("Defendant" or "BRC"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff David Charles' ("Plaintiff") Complaint, ECF No. 1. BRC denies each and every allegation in the Complaint unless expressly admitted or otherwise qualifies, as follows:

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

## PARTIES

1. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. BRC admits that it is a limited liability company. To the extent Paragraph 2 contains any factual allegations, BRC denies each and every one of them.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, BRC responds that 47 U.S.C. § 227 *et seq.*, and 28 U.S.C. § 1331 are federal statutes that speak for themselves, and otherwise denies the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, BRC denies the allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, BRC responds that 28 U.S.C. § 1391 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 5.

## INTRODUCTION

6. Paragraph 6 contains legal conclusions and requires neither admission nor

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

denial. To the extent a response is deemed necessary, BRC responds that *Barr v. Am. Ass'n of Political Consultants,* No. 190631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020) speaks for itself, and otherwise denies the allegations of Paragraph 6.

7. Paragraph 7 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, BRC responds that 105 Stat. 2394 at § 2(3) speaks for itself, and otherwise denies the allegations of Paragraph 7.

8. Paragraph 8 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, BRC responds that the Federal Communications Commission's ("FCC") 2003 Order speaks for itself, and otherwise denies the allegations of Paragraph 8.

9. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9. To the extent a response is deemed necessary, BRC denies the allegations contained in Paragraph 9.

10. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10. To the extent a response is deemed necessary, BRC denies the allegations contained in Paragraph 10.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

11. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11. To the extent a response is deemed necessary, BRC denies the allegations contained in Paragraph 11.

12. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12. To the extent a response is deemed necessary, BRC denies the allegations contained in Paragraph 12.

13. Paragraph 13 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, BRC responds that the Federal Communications Commission's ("FCC") 2016 NPR speaks for itself, and otherwise denies the allegations of Paragraph 13.

## COMMON ALLEGATIONS

14. Answering paragraph 14 of the Complaint, BRC denies the allegations contained in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, BRC denies the allegations contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, BRC denies the allegations contained in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, BRC denies the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 states unverified and unauthenticated information to which no response is required. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18, and therefore, denies each and every one of the allegations in Paragraph 18 and demands strict proof thereof at the time of trial.

19. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 19 and therefore denies each and every one of the allegations in Paragraph 19 and demands strict proof thereof at the time of trial.

**PLAINTIFF CHARLES' ALLEGATIONS**

20. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20. To the extent a response is deemed necessary, BRC denies the allegations contained in Paragraph 20.

21. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 21 and therefore denies each and every one of the allegations in Paragraph 21 and demands strict proof thereof at the time of trial.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

22. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 22 and therefore denies each and every one of the allegations in Paragraph 22 and demands strict proof thereof at the time of trial.

23. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 23 and therefore denies each and every one of the allegations in Paragraph 23 and demands strict proof thereof at the time of trial.

24. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 24 and therefore denies each and every one of the allegations in Paragraph 24 and demands strict proof thereof at the time of trial.

25. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 25 and therefore denies each and every one of the allegations in Paragraph 25 and demands strict proof thereof at the time of trial.

26. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 26 and therefore denies each and every one of the allegations in Paragraph 26 and demands strict proof thereof at the time of trial.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

27. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 27 and therefore denies each and every one of the allegations in Paragraph 27 and demands strict proof thereof at the time of trial.

28. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 28 and therefore denies each and every one of the allegations in Paragraph 28 and demands strict proof thereof at the time of trial.

29. Paragraph 29 states unverified and unauthenticated information to which no response is required. BRC is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29, and therefore, denies each and every one of the allegations in Paragraph 29 and demands strict proof thereof at the time of trial.

30. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 30 and therefore denies each and every one of the allegations in Paragraph 30 and demands strict proof thereof at the time of trial.

31. Answering paragraph 31 of the Complaint, BRC denies the allegations contained in paragraph 31 of the Complaint.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

32. BRC is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 32 and therefore denies each and every one of the allegations in Paragraph 32 and demands strict proof thereof at the time of trial.

33. Answering paragraph 33 of the Complaint, BRC denies the allegations contained in paragraph 33 of the Complaint.

34. Answering paragraph 34 of the Complaint, BRC admits that Plaintiff Charles filed the underlying class action complaint and otherwise, denies the allegations contained in paragraph 34 of the Complaint.

## CLASS ALLEGATIONS

35. BRC admits that Plaintiff seeks to bring an action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a putative class, but denies that the classes Plaintiff seeks to represent are properly certifiable or properly defined. To the extent Paragraph 35 contains any factual allegations, BRC denies each and every one of them.

36. BRC denies each and every one of the factual allegations in Paragraph 36 and demands strict proof thereof at the time of trial.

37. BRC denies each and every one of the factual allegations in Paragraph 37 and demands strict proof thereof at the time of trial.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

38. BRC denies each and every one of the factual allegations in Paragraph 38 and demands strict proof thereof at the time of trial. To the extent Paragraph 38 contains factual allegations, BRC expressly denies that questions of law and fact common to the claims of Plaintiff and the putative class members predominate over individual questions, as individualized issues of consent will predominate over common questions. Under these circumstances certification is simply not possible as common issues will never predominate. BRC denies that this case can be certified, or that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

39. BRC denies each and every one of the factual allegations in Paragraph 39 and demands strict proof thereof at the time of trial.

40. BRC denies each and every one of the factual allegations in Paragraph 40 and demands strict proof thereof at the time of trial.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Charles and the Pre-recorded No Consent Class)**

41. BRC incorporates herein by reference its responses and denials to Paragraphs 1 through 40 as if fully stated herein.

42. BRC denies each and every one of the factual allegations in Paragraph 42 and demands strict proof thereof at the time of trial.

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

43.BRC denies the allegations in Paragraph 43.

44.BRC denies the allegations in Paragraph 44.

## PRAYER FOR RELIEF

BRC denies liability and denies all allegations of the relief sought in its subsections. BRC hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

## BRC'S AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein, or which hereinafter may be pleaded. BRC reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. BRC asserts the following specific defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Court lacks personal jurisdiction as to the claims of absent class

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

members who reside out of California or whose claims have no connection whatsoever to California. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

**THIRD DEFENSE**

Plaintiff and the putative class's claims against BRC are barred, in whole or in part, because the alleged injuries were caused by acts or omission of Plaintiff/the putative class members and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by BRC.

**FOURTH DEFENSE**

BRC did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

**FIFTH DEFENSE**

Plaintiff lacks Article III standing to bring this action and to represent any purported class because he did not suffer an injury-in-fact as a result of BRC's alleged conduct.

**SIXTH DEFENSE**

The imposition of statutory damages under the TCPA against BRC would violate the due process provisions of the U.S. Constitution and/or the Constitution of California.

///

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**SEVENTH DEFENSE**

Plaintiff and the putative class's claims are barred under the doctrines of laches and/or unclean hands.

**EIGHTH DEFENSE**

To the extent that Plaintiff and the purported class members' claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

**NINTH DEFENSE**

Plaintiff and the purported class members' claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

**TENTH DEFENSE**

This action, in whole or in part, is not maintainable as a class action because the proposed class does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including, but not limited to, the class definitions, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. The damages sought by Plaintiff on behalf of the purported class cannot be recovered without specific proof by each purported class member that he or she has been injured.

**ELEVENTH DEFENSE**

BRC is informed and believes that Plaintiff's claims and the claims of the

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

putative class members are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

**TWELFTH DEFENSE**

BRC did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent. To the extent that there was any violation of the TCPA, which BRC denies, BRC shall be liable for no more than a $500.00 penalty, as BRC denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

**THIRTEENTH DEFENSE**

BRC's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which BRC denies, such violation(s) were not knowing and willful.

**FOURTEENTH DEFENSE**

To the extent there was any violation of the TCPA, which BRC denies, BRC's action were not knowing and/or willful because any violation was unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

**FIFTEENTH DEFENSE**

BRC is informed and believes that Plaintiff and the putative class members

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

have not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff and the putative class members must sustain an injury in fact for each individual call for which Plaintiff and the putative class members claim a violation.

## SIXTEENTH DEFENSE

By reason of Plaintiff and the putative class members' inaction with respect to and/or ratification of the calls she alleges were made by BRC, Plaintiff and the putative class members are estopped from recovery herein and Plaintiff and the putative class members' claims against BRC are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

## SEVENTEENTH DEFENSE

BRC's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and the putative class members.

## EIGHTEENTH DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

expressed.").

**NINETEENTH DEFENSE**

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**TWENTIETH DEFENSE**

Any award of punitive or statutory damages against BRC would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

**TWENTY-FIRST DEFENSE**

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing the Court to reduce the damage award, if any. Thus, as applied in this case, any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

to the offense and obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)).

**TWENTY-SECOND DEFENSE**

The allegations of the Complaint, and the purported cause of action in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

**TWENTY-THIRD DEFENSE**

Plaintiff and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members' requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

**TWENTY-FOURTH DEFENSE**

BRC acted in good faith in any and all interactions with Plaintiff and the putative class members and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff and the putative class members or any duty, if any, owed to Plaintiff and the putative class members.

**TWENTY-FIFTH DEFENSE**

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

telephone calls occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf and the purported class members as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities.

**TWENTY-SIXTH DEFENSE**

BRC reserves the right to assert arbitration. The purported claims and causes of action alleged by Plaintiffs and/or proposed class members have agreed and consented to arbitration as the exclusive forum for resolving the claims and cause of actions alleged in this action

**TWENTY-SEVENTH DEFENSE**

Aggregated statutory damages in TCPA class actions are so severe and oppressive as to be wholly disproportionate to the offense and in certain extreme circumstances, subject to constitutional due process limitations. Thus, as applied in this case, any aggregated damages award must be evaluated under the *Six Mexican Workers* test. *See Wakefield v. ViSalus, Inc*., 51 F.4th 1109, 1123 (9th Cir. 2022) ("*Six Mexican Workers* provides further guidance for determining whether a particular statutory damages award is disproportionately punitive in the aggregate" … The test requires a Court to consider: "1) the amount of award to each plaintiff, 2) the total award, 3) the nature and persistence of the violations, 4) the extent of the defendant's culpability, 5) damage awards in similar cases, 6) the substantive or

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

technical nature of the violations, and 7) the circumstances of each case.").

**TWENTY-EIGHTH DEFENSE**

BRC is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, BRC reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, BRC prays for relief and judgment, as follows:

A. Dismissing the Complaint with prejudice;

B. Entering judgment against Plaintiff David Charles and in favor of BRC with respect to all Counts in the Complaint;

C. Awarding BRC its reasonable costs and expenses incurred in this action; and

D. Awarding such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PHILLIPS LAW CORPORATION

DATED: August 3, 2026

By: Brent R. Phillips
BRENT R. PHILLIPS
RONALD A. GORRIE
Attorneys for Defendant
BETTER RISE CAPITAL, LLC

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that Defendant BETTER RISE CAPITAL, LLC hereby demands a trial by jury in this action.

PHILLIPS LAW CORPORATION

DATED: August 3, 2026

By: Brent R. Phillips
BRENT R. PHILLIPS
RONALD A. GORRIE
Attorneys for Defendant
BETTER RISE CAPITAL, LLC

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 801, Santa Ana, California 92705.

On August 3, 2026, I served by electronic service through the United States District Court for the Central District of California's CM/ECF electronic filing system to the following parties:

| | |
|---|---|
| Rachel E. Kaufman, Esq.<br>KAUFMAN, P.A.<br>237 South Dixie Highway, 4th Floor<br>Corel Gables, FL 33133<br>Tel: (305) 469-5881 | **Plaintiff DAVID CHARLES individually and on behalf of all others similarly situated** |

the following document(s) listed below:

**DEFENDANT BETTER RISE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL**

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on August 3, 2026, at Santa Ana, California.

Brent R. Phillips
Brent R. Phillips